UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY R. VILLEME, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-00179-SRC |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

**Memorandum and Order**

Anthony R. Villeme has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.

This petition is the second one Villeme has filed regarding his state-court conviction for elder

abuse.   Because Villeme has not obtained an order from the Eighth Circuit that authorizes the

Court to consider a second petition, the Court denies and dismisses Villeme's petition in this case.

**I.      Background**

Villeme is currently incarcerated in the Southeast Correctional Center in Charleston,

Missouri.   Missouri Department of Corrections, *Anthony R. Villeme*,

https://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do (last visited Dec. 19, 2024).   The

Court has reviewed the state-court cases underlying Villeme's petition and takes judicial notice of

those public records.   *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating

that courts "may take judicial notice of judicial opinions and public records" (citing *United States*

*v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

On July 20, 2017, a jury found Villeme guilty of one count of first-degree elder abuse.

Jury Verdict, *State v. Villeme*, No. 16MN-CR00115 (Monroe Cnty., Mo. Cir. Ct. July 20, 2017).

On September 15, 2017, a state-court judge sentenced Villeme to 10 years' imprisonment in the

Missouri Department of Corrections.   Judgment Filed, No. 16MN-CR00115 (Monroe Cnty., Mo.

Cir. Ct. Sept. 15, 2017).   Villeme appealed his conviction, which the Missouri Court of Appeals

denied.   *Missouri v. Villeme*, 574 S.W.3d 821, 822 (Mo. Ct. App. 2019).   Villeme then filed a

Rule 29.15 motion in state trial court for post-conviction relief.   Motion to Set Aside, *Villeme v.

Missouri*, No. 19MN-CV00203 (Monroe Cnty., Mo. Cir. Ct. Aug. 16, 2019).   The court denied

that motion.   Judgment Filed, No. 19MN-CV00203 (Monroe Cnty., Mo. Cir. Ct. Oct. 5, 2020).

Villeme appealed, and the Missouri Court of Appeals affirmed the trial court's decision.   *Villeme

v. Missouri*, 633 S.W.3d 920 (Mo. Ct. App. 2021) (per curiam).

Villeme challenged his conviction again in June 2022, this time in federal court.

*See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody,

*Villeme v. Stange*, No. 1:22-cv-00073-HEA (E.D. Mo. June 3, 2022), doc. 1.   In his petition,

Villeme raised five grounds in his petition:

> (1) that his trial counsel provided ineffective assistance in failing to "investigate the
> distance involved in the incident" that [Villeme] argues "would have led to
> information that impeached [James Church's] version of events"; (2) that his trial
> counsel provided ineffective assistance in failing to impeach Church with Church's
> statement to police officers; (3) that the prosecuting attorney engaged in misconduct
> by allowing witnesses to present testimony that the he knew or should have known
> was "untruthful" and by withholding information regarding "the distance" during
> [Villeme's] post-conviction proceeding; (4) that his trial counsel provided ineffective
> assistance by allowing his character to be "smeared with untrue testimony"; and (5)
> that his appellate counsel provided ineffective assistance by failing "to get the mis-
> trial transcript."

Opinion, Memorandum and Order, *Villeme v. Stange*, No. 1:22-cv-00073-HEA (E.D. Mo. May 15,

2023) (first and third alterations added), doc. 22.   The Honorable Henry E. Autrey, United States

District Judge, dismissed the petition as procedurally barred.   *Id.*   Villeme did not appeal that

dismissal.

On September 30, 2024, Villeme filed a document titled "Motion to Reopen 29.15 Case for Abandonment of Counsel and to Establish Record Pursuant to Rule 74.06(d)."   Doc. 1 at 1.[1]   The case caption identified the court as "Circuit Court of Monroe County, Missouri" and the case number as "19MN-CV00203."   Upon review of the filing, the Honorable Stephen R. Welby, United States Magistrate Judge, ordered Villeme to either "(1) file a notice of voluntary dismissal so he can file his motion in the correct state court; *or* (2) file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on a proper court form."   Doc. 5 at 2.

On December 9, 2024, Villeme filed an amended petition seeking to challenge his original criminal conviction in case number 16MN-CR00115.   Doc. 10.   The petition asserts four grounds:   (1) "Amendment 4 the right to be searches and seizures shall not be violated. Amendment 5, nor be deprived of life, liberty or property without due process of law; Amendment 8, or cruel and unusual punishment"; (2) judicial misconduct; (3) "conon [sic] law violation;" and (4) "refusel [sic] to remove self under violations of Rules MO and State Rules."   *Id.* at 3, 6–7.

## II.    Standard

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), "a person in custody pursuant to the judgment of a State court" may apply "for a writ of habeas corpus" in federal court.   28 U.S.C. § 2254(a).   A federal court may entertain the application "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."   *Id.*

AEDPA imposes a "stringent set of procedures" on a state prisoner "wish[ing] to file a 'second or successive' habeas corpus application."   *Burton v. Stewart*, 549 U.S. 147, 152 (2007)

---

[1] The Court cites to page numbers as assigned by CM/ECF.

(quoting 28 U.S.C. § 2244(b)(1)).   A court must dismiss a "claim presented in a second or

successive habeas corpus application under section 2254 that was presented in a prior application."

28 U.S.C. § 2244(b)(1).   Further, a court must dismiss claims in a successive application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law,
> made retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable; or
>
> (B)
>
>> (i) the factual predicate for the claim could not have been discovered previously
>> through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence
>> as a whole, would be sufficient to establish by clear and convincing evidence
>> that, but for constitutional error, no reasonable factfinder would have found the
>> applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)–(B).   Further, before filing a second or successive application, the

applicant must "move in the appropriate court of appeals for an order authorizing the district court

to consider the application."   28 U.S.C. § 2244(b)(3)(A).

## III.    Discussion

Villeme filed his first section 2254 petition on June 3, 2022.   Petition Under 28 U.S.C.

§ 2254 for Writ of Habeas Corpus by a Person in State Custody, *Villeme v. Stange*,

No. 1:22-cv-00073-HEA (E.D. Mo. June 6, 2022).   Judge Autrey denied the first petition on

May 15, 2023.   Judgment, *Villeme v. Stange*, No. 1:22-cv-00073-HEA (E.D. Mo. May 15, 2023).

Because Villeme has filed a prior petition challenging the same conviction, the petition in this case

is successive.   Villeme has not obtained "an order authorizing the" Court to consider his

successive petition.   28 U.S.C. § 2244(b)(3)(A).   Thus, the Court cannot consider Villeme's

petition.   The Court therefore denies and summarily dismisses the petition.   Rule 4 of the Rules

Governing Section 2254 Cases and Section 2255 Proceedings ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

The Court has considered whether to issue a certificate of appealability.   Rule 11(a) of the Rules Governing Section 2254 Cases and Section 2255 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").   To warrant a certificate of appealability, a petitioner must make a substantial showing of the denial of a federal right.   *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).   "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."   *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   Villeme has not made such a showing, so the Court declines to issue a certificate of appealability.

## IV.   Conclusion

For these reasons, the Court denies and dismisses Villeme's [10] Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.   The Court directs the Clerk of Court to notify Villeme that the Court has dismissed his petition.   Further, the Court declines to issue a certificate of appealability.   A separate order of dismissal accompanies this Memorandum and Order.   Finally, the Court denies as moot Villeme's [2] Motion to Proceed In Forma Pauperis and [3] Motion to Appoint Counsel.

So ordered this 19th day of December 2024.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE